IN THE MATTER OF THE WILL OF GUS COFFIELD.

(Filed 11 October, 1939.)

**1. Wills § 14—**

A will is revoked by marriage, Michie's Code, 4134.

**2. Wills § 15—**

A will which has been revoked by the marriage of the testator is revived and republished by a codicil properly executed subsequent to the marriage which refers to the prior will and expresses the intention of the testator that the will should be effective except as altered by the codicil.

**3. Wills § 24—**

    The holding of the trial court that there was no sufficient evidence of undue influence to be submitted to the jury, *held* correct.

**4. Wills § 27—**

    The verdict of the jury on conflicting evidence on the question of the mental capacity of testator to execute the instrument *held* conclusive.

**5. Wills § 28—**

    The allowance of attorney fees to counsel for the propounders is in the sound discretion of the trial court. Michie's Code, 1244, as amended by chapter 143, Public Laws of 1937.

APPEAL from *Grady, Emergency Judge,* and a jury, at April Special Term, 1939, of MARTIN. No error.

This is a controversy over a caveat to the will of Gus Coffield. On 17 May, 1938, Gus Coffield executed a will. On 18 May, 1938, he married Fannie Coffield. On 20 February, 1939, Gus Coffield executed a codicil to his prior will ratifying and confirming his will dated 17 May, 1938, except as changed in the codicil. In the codicil Gus Coffield devised certain realty to his wife, Fannie Coffield. At the trial of the action it was not contended that the first will was not properly executed. However, it was contended by the caveators that the codicil was not a proper republication of the first will, that Gus Coffield was not mentally competent to execute a will at the time of the execution of the codicil, and that the execution of said codicil was procured by fraud and undue influence.

The issues submitted to the jury and their answers thereto were as follows:

"1. Was the paper writing propounded for probate executed by Gus Coffield in the manner and under the formality required by statute? Ans.: 'Yes.'

"2. At the time of the execution of said paper writing on 20 February, 1939, did Gus Coffield have sufficient mental capacity to make a valid and binding will? Ans.: 'Yes.'

"3. Was the execution of said paper writing procured through undue influence, as alleged in the caveat? Ans.: 'No.'

"4. Is said paper writing, and each and every part thereof, the last will and testament of Gus Coffield, deceased? Ans.: 'Yes.' "

The court below rendered judgment on the verdict sustaining the will. The court further rendered the following judgment: "In the above entitled action, it appearing to the court that Elbert S. Peel, Hugh G. Horton and J. C. Smith, attorneys for Paul D. Roberson, represented the propounders of the last will and testament of Gus Coffield and performed valuable services in that connection, and acted as counsel for said

estate in other matters pertaining thereto: Now, therefore, it is ordered and adjudged that said Elbert S. Peel, Hugh G. Horton and J. C. Smith be allowed the sum of $750.00 as fees in said capacity up until the signing of this judgment, same to be paid by Paul D. Roberson, executor of the last will and testament of Gus Coffield. Henry A. Grady, Judge Presiding."

The caveators made numerous exceptions and assignments of error and appealed to the Supreme Court. The material assignments of error and necessary facts will be set forth in the opinion.

*Peel & Manning, J. C. Smith, and Hugh G. Horton for propounders.*
*P. H. Bell and Coburn & Coburn for caveators.*

CLARKSON, J. On 17 May, 1938, Gus Coffield executed his will. On 18 May, he was married to Fannie Coffield, who survives him. A will is revoked by marriage. N. C. Code 1935 (Michie), sec. 4134.

On 20 February, 1939, he executed a paper writing. In it is the following: "I, Gus Coffield, of said County and State, make this codicil to my last will and testament published by me, and dated the 17th day of May, 1938, which I ratify and confirm, except as the same shall be changed hereby. Whereas, I have changed my mind as to Item #5 thereof, I hereby make the following devises and bequeaths," etc.

It is contended by the caveators that the paper writing was not a will and the will of 17 May, 1938, was revoked by statute and there was no valid reëxecution and therefore the paper writing purporting to be a will was null and void. We cannot so hold under the authorities in this State, which we think are borne out by reason and logic.

In *Murray v. Oliver,* 41 N. C., 56 (57), it is written: "Whatever doubt was once entertained, it is now unquestionably settled, that adding a codicil is a republication, and the codicil brings the will to it, and makes it a will from the date of the codicil."

In *Sawyer v. Sawyer,* 52 N. C., 134 (139-140), it is said: "So, our conclusion is that a holograph will revoked by the marriage of the testator, can only be revived and republished by a written instrument setting forth his intention, duly attested by two witnesses, or written by the testator himself, and found among his valuable papers or handed to one for safe-keeping; as if he makes an entry to that effect on the holograph, or strikes out the date and inserts a new one, or adds a codicil and puts the paper back among his valuable papers, or deposits it for safe-keeping, so as to meet all the requirements of the statute." *Watson v. Hinson,* 162 N. C., 72 (80); *In re Will of Margaret Deyton,* 177 N. C., 494.

We think the words used in the codicil incorporates and revives the will except in so far as it is changed by the codicil. No question was raised in the court below as to the proper execution of the first will. In fact, in the charge of the court below it is stated, to which no objection was made: "I do not understand that there is any question about the execution of this first paper writing."

Caveators contend that the paper-writing, or codicil, was null and void (1) that Gus Coffield was not mentally competent to execute a will; (2) the execution of the codicil was procured by fraud and undue influence.

As to the third issue, in regard to undue influence, the court below held that there was no evidence to go to the jury on that question. From a careful review of the record, we think the court below correct.

The battleground was the second issue: "At the time of the execution of said paper writing on 20 February, 1939, did Gus Coffield have sufficient mental capacity to make a valid and binding will?" The jury answered "Yes." The evidence on this issue was conflicting and it was purely a question of fact for the jury. We can see no error in the trial and the charge of the court below on this issue. The charge does not impinge C. S., 564, nor is the case of *S. v. Rinehart,* 209 N. C., 152, applicable. The testimony of David Grimes, a registered druggist, was competent to corroborate Dr. Vernon Ward—the probative force was for the jury. We think the prayer for instructions requested by the caveators was substantially given in the charge.

The court below allowed counsel for propounders the sum of $750.00 as attorneys' fees. *Wells v. Odum,* 207 N. C., 226, holds that counsel fees may be awarded to attorneys for propounders. Sec. 1244, Michie's Code, *supra,* is amended by Laws of 1937, ch. 143. 1937 Supplement to 1935 Code reads: "The word 'costs' as the same appears and is used in this section shall be construed to include reasonable attorneys' fees in such amount as the court shall in its discretion determine and allow." *In re Will of Slade,* 214 N. C., p. 361, allowed fees to attorneys for unsuccessful caveators. The statute puts the allowance of attorneys in the discretion of the court below. The court heard all the facts connected with the services of the attorneys, and we see no reason to disturb the judgment.

We see no prejudicial or reversible error in the record.

No error.