# Richmond

IREDA V. SENGER v. GEORGE F. SENGER'S EXORS., &C.

October 11, 1943.

Record No. 2709.

Present, Campbell, C. J., and Hudgins, Gregory, Browning, Eggleston
and Spratley, JJ.

The opinion states the case.

*George S. Harnsberger,* for the appellant.

*Lawrence H. Hoover* and *Glenn W. Ruebush,* for the appellees.

HUDGINS, J., delivered the opinion of the court.

George F. Senger, who lived on a farm near Harrisonburg in Rockingham county, died testate in September, 1940. He left surviving him three daughters, Ireda and Treva Senger and Carrie A. Andes, and four sons, Buford C., Herbert D., Dewey C., and Franklin G. Senger, to whom he bequeathed and devised his estate valued at $8,000. Only two of the children, Herbert D., and Ireda Senger, were living with their father at the time of his death. Herbert Senger, with his wife, lived on the farm and was employed by the testator at a stated salary. Ireda, now 44 years of age, has some mental and physical infirmities which tend to curtail her earning powers.

Ireda Senger instituted this suit against her brothers and sisters, claiming that the will of her father impressed the entire estate, after payments of debts and specific legacies, with a trust for her support and maintenance. From an adverse decree, she obtained this appeal.

The testamentary papers to be construed consist of a will, dated May 1, 1928, and nine codicils, written between January 1, 1933, and January 1, 1937, on envelopes and other scraps of paper. The language on which appellant relies to support her contention that the will impresses the estate

with a trust for her benefit is: "Ireda to be taken care of by the administrators." See footnote.

The first paragraph of the will bequeaths $3,800 to the wife. The second paragraph divides personal property among his children, bequeaths $25 to his daughter Carrie for her care of another daughter who died in infancy, and bequeaths $200 to his son Dewey. This paragraph concludes with the sentence quoted.

The third paragraph names the executors and contains a provision imposing a forfeiture of $300 upon the share of each of his children who gives the executors "unnecessary trouble and won't agree with any settlement." The fourth paragraph states the amounts of advancements with which each of three children should be charged in the settlement

"The following is my Last Will and Testament:—

"I leave to my wife, Sallie L. Senger, Three Thousand Dollars in the home tract; the administrators or heirs to pay her annually six per cent interest. I will to her Eight Hundred Dollars direct. She can do with it as she chooses, it being money she got from her home.

"All my carpenter tools are to be left at home until the widow's death; the four boys all to have equal rights to use them, but must be placed back when used away from home. At the widow's death, the boys are to divide them among themselves. Dewey is especially to have the tenant saw, Herbert to have the big square, he must keep it bright. And he is to have the brace, all bits, and reamer that go to it, and two iron planes. Franklin to have measuring divider. Buford to have sash plane and mortice machine. Franklin to have the quilt I got from home of my mother's. Franklin the third to have my watch. All my individual tricks to be equally divided, boys to have first choice. The four boys to have all dressed and heart lumber equally divided. Herbert to have the war saber, if here yet. Carrie to have Twenty-five Dollars for her attention of little Lola. Dewey to have Two Hundred Dollars, account of being crippled. *Ireda to be taken care of by the administrators.*

"The administrators are to settle the estate without bond. They shall all agree on settlements. If one should not agree at all, his administratorship shall be void and cease at once. I appoint Franklin G. Senger, Owen Andes, and Dewey C. Senger as my administrators, to do all as stated herein, above or below. If any one of my children give unnecessary trouble and won't agree with any settlement, there shall be Three Hundred Dollars deducted from their share and that $300.00 equally divided with balance of my children.

"I have advanced to Treva C. Senger Five Hundred and Fifty Dollars for schooling. I have given Franklin G. Senger two years of his time at home. I advanced the money for his college course two years and Ford car, etc., total amounts to Eight Hundred Dollars. I charge Buford C.

of the estate. The sixth paragraph evidently contemplates a sale of the farm and a division of the proceeds.

Consideration of the will without the codicils creates serious doubt as to the true intention of the testator. The amount of property involved is relatively small, $8,000, yet the testator bequeaths $4,025 to his wife and two children and directs his executors to take care of Ireda. In addition, the forfeiture clause indicates that the testator thought that each share of the seven children would exceed $300. Yet there was no express bequest of the residuum to the seven children.

It is not clear from the language used how much of the estate the testator intended for the executors to set aside for the benefit of Ireda. Did the testator intend for the executors to pay the specific legacies and hold the residue in trust for the support of Ireda? Or did he intend for the residue of his estate to be divided into seven equal parts, and a one-seventh part held by the executors for Ireda's benefit?

We turn to the codicils and the pertinent evidence for aid in ascertaining the intent of the testator.

The function of a codicil is to add to, supplement or alter the provisions of a will. As we said in *Simmons* v. *Gunn*, 156 Va. 305, 309, 157 S. E. 573: "The will must be construed as a whole, and effect must be given to all of the clauses, and all of the words, if it is fairly possible to do so, in view of the language used.

---

Senger on balance of five years' account, etc., One Hundred and Fifty Dollars. No interest is to be charged on the above three items.

"It is fully my heart's desire for the home place to stay in the family as mine and Sally, my wife's lives were put in it.

"The administrators are to have one year to settle it up and they are to give reasonable time and payments to pay for the place. If Herbert should not get the barn, he is to have the right to come out from his land over the barn bridge to the Rawley Pike. Franklin G. Senger is to open and read my will and have it recorded. Franklin G. Senger is to be the one of the three administrators to hold all important papers until settled.

"In Witness Whereof I have hereunto set my hand:
                                        "Signed  Geo. F. Senger"

It is not deemed necessary to quote the nine codicils.

"In 1 Schouler on Wills, section 487, the author says: 'A codicil is a part of a will, but with the peculiar function annexed of expressing the testator's afterthought or amended intention. The codicil should be construed with the will itself; and from its very nature it may as a context confirm, alter, or altogether revoke an intention expressed in the body of the instrument to which it is annexed.'

"In Harrison on Wills and Administration, section 193-(6), at page 385, the author says: 'But in the case of a codicil to a will, the papers are executed at different times and the very object of the codicil very often is to make an alteration in the dispositions of the will. It is more or less to be expected then that there shall be some conflict between a codicil and a will, and, to the extent that there is a conflict, the provisions in the codicil prevail.'"

The evidence is voluminous. Each litigant charges the other with encumbering the record with much irrelevant and immaterial evidence. Both charges are sustained. However, the evidence clearly shows that Ireda Senger is not normal and that she is not economical in her expenditures. Her spendthrift propensities caused her father great concern and anxiety. These facts doubtless influenced the testator in making the provisions for her in the will and the codicils. It is to be noted that she is not given absolute control of any property except a few personal articles.

There are three specific provisions made for Ireda. The first is found in the will as originally drawn, whereby the executors were directed to take care of her. The second specific provision for her is found in the second codicil and is in this language: "P. S. I Geo. F. Senger put all these writings *I*n trust of the within appointed administrators one to three years unti*l* the complete settlement is made I *also* put $500.00 of my estate in hands of administrators for Ireda V. Senger *I*n trust for her in case *i*f sickness or Hospit*tle* & bills if not needed divide equal with all children heirs with interest at 4 per ct." (Italics supplied.)

The third provision is stated in another codicil written after the death of the testator's wife and is as follows:

"$400. to Ireda

"$200.00 to Treva

"$200.00 to carry direct

"Iredas & Trevas in trust to O. W. Andes as stated below

" * * * finally when Estate is settled the 800.00 Dollars of Mamas in the body of will 400.00 to Owen Andes in trust to Ireda Treves 200.00 In trust to Owen Andes $200.00 to Carrie direct. trust money to be pd. when needed with Interest."

The intention of the testator in bequeathing the two specific legacies, $500 and $400 respectively, is clear. The $500 legacy was to be held by the executors pending the final settlement of the estate and expended, if necessary, in defraying the medical and hospital bills of the legatee. However, if during the interval the spending of this sum was not necessary, then it should be equally divided between the seven children.

Owen Andes was directed to collect from the executors the sum of $400, hold it as trustee for the benefit of Ireda and spend it as her needs required.

The first bequest, found in the original will, is expressed in a short sentence. The exact amount of property or money designated for this purpose is not stated. The full intention of the testator, under the circumstances, must be ascertained from the language used in the original will as explained or modified in the codicils, the conditions of the beneficiaries, their relations to the testator, and the circumstances under which the testamentary papers were written. A study of these different elements indicates that the testator intended to divide equally the residuum of his property among his seven children, but that the part of the residuum bequeathed to Ireda, as well as the bequests of $500 and $400, should be held in trust for her benefit.

A strong inference of the testator's intention regarding the residuum of his property is found in that part of the original will providing that, if any child should give trouble

in the settlement of his estate, such child should forfeit $300 of his part of the estate. The same intention is expressed in one of the codicils by the use of this language: "I want all the children to be as equal as possible."

This is the only construction of the will and the codicils that gives force and effect to every pertinent word and clause.

The chancellor determined from the evidence that, on the date the decree was entered, the expenses of Ireda V. Senger for medical care and maintenance had already exceeded the sum of $500 and that she was then in need. Thereupon, he ordered the two bequests, $500 and $400 respectively, to be paid to Ireda V. Senger or her attorney. However, the decree should be modified to the extent that one-seventh of the residuum of the estate should be held in trust by the executors and expended for the care, support and maintenance of Ireda V. Senger. So modified, the decree is affirmed.

The appellees having substantially prevailed, they are awarded their costs in this behalf expended.

*Modified and affirmed.*