ISOBEL C. YOUNG, Individually and as Executrix of BAXTER CLAY YOUNG v. CHARLES E. WILLIAMS, JR., Guardian ad litem of BAXTER CRAVEN YOUNG, Minor; and ROBERT L. GRUBB, Guardian ad litem of MARY LARAINE YOUNG, Minor.

(Filed 2 November, 1960.)

**Wills §§ 31½, 41— A codicil operates as a republication of the will.**

A child was born to the marriage after the execution of the will leaving all of testator's estate to his wife. Thereafter testator and his wife executed a joint codicil reaffirming their prior wills and providing that in the event of their deaths in a common disaster a named person should be executor and guardian of their children. *Held:* The codicil operates as a republication of the original will and makes it speak as of the date of the execution of the codicil in so far as it is not altered or revoked by the codicil, and therefore the after born child is not entitled to such share in the estate as though testator had died intestate, it being apparent that testator intentionally did not make specific provision for the child. G.S. 31-5.5.

Appeal by defendants from *Olive, J.,* at Chambers in Lexington, North Carolina, 16 August 1960. From Davidson.

This is a civil action instituted pursuant to the terms and provisions of our Uniform Declaratory Judgment Act, G.S. 1-253, *et seq.,* in the Superior Court of Davidson County, and heard by consent of all the parties before his Honor, Hubert E. Olive, Resident Judge of the Twenty-second Judicial District of North Carolina, on 16 August 1960.

On 3 March 1941, Baxter Clay Young, Jr., executed a will, making his wife, the plaintiff Isobel C. Young, the sole devisee. On said date, Baxter Clay Young, Jr., and his wife, Isobel C. Young, had only one child, Baxter Craven Young, born on 28 March 1940. Subsequently, on 21 April 1946, another child, Mary Laraine Young, was born to Baxter Clay Young, Jr., and his wife, Isobel C. Young. On 9 November 1949, the testator and the plaintiff executed a joint codicil, the text of which is as follows: "Re-affirming each of our wills heretofore made, we do hereby make, publish and declare this codicil to each of our wills: I. That in event of our joint deaths in a common disaster, so that neither of us survive from said disaster, then each of us nominate and appoint John B. Craven of Lexington, North Carolina, as Executor of each of our estates and as Guardian of our two children."

The codicil was signed by both Baxter Clay Young, Jr., and the plaintiff and attested by two subscribing witnesses.

Baxter Clay Young, Jr., died on 28 June 1960, leaving surviving

his wife, the plaintiff, and two children, the defendants Baxter Craven Young and Mary Laraine Young.

The court below held that the codicil dated 9 November 1949 republished the will of Baxter Clay Young, Jr., dated 3 March 1941 and made the effective date of both said will and codicil as of 9 November 1949.

From the judgment entered to the effect that Isobel C. Young, the plaintiff herein, is the sole devisee and owner of all the property, both real and personal, which Baxter Clay Young, Jr., owned and was seized at the time of his death, the duly appointed guardians of the defendant minor children of the testator appeal and assign error.

*Walser & Brinkley for plaintiff.*
*Robert L. Grubb, guardian of defendant Mary Laraine Young.*
*Charles E. Williams, Jr., guardian of defendant Baxter Craven Young.*

DENNY, J. The question posed for determination is, where a testator makes a will, making his wife the sole beneficiary, and then subsequently has a child born, does a codicil executed by the testator subsequent to the birth of the child constitute a republication of his will?

The overwhelming weight of authority is that a duly executed codicil operates as a republication of the original will and makes it speak from the date of the execution of the codicil insofar as it is not altered or revoked by the codicil. 57 Am. Jur., Wills, Section 626, page 428; 95 C.J.S., Wills, Section 303, subsections d(1) and e(1), page 99, *et seq.*

The testator herein was certainly advertent to the existence of both his minor children at the time of the execution of the codicil. It is evident that the sole purpose of the codicil was to provide that, in the event of the joint deaths of himself and his wife in a common disaster, John B. Craven was to be the executor of their respective estates and the guardian of their two children, the minor defendants herein.

In *Gooch v. Gooch*, 134 Va. 21, 113 S.E. 873, the testator executed a will in 1909, leaving all his property to his wife. At the time he executed his will he had no children, but two children were subsequently born to him and his wife, the first one in 1911 and the second in 1916. The testator executed a codicil to his will in 1919. The Court quoted with approval from one of its earlier decisions, *Hatcher*

*v. Hatcher,* 80 Va. 169, the following: "The codicil * * * operates as a republication of the will, and the effect of the republication is to bring down the will to the date of the codicil, so that both instruments are to be considered as speaking at the same date and taking effect at the same time."

In the case of *In re Will of Coffield,* 216 N.C. 285, 4 S.E. 2d 870, the testator, Gus Coffield, executed a will on 17 May 1938. On 18 May 1938 he married Fannie Coffield. On 20 February 1939 he executed a codicil to his prior will, ratifying and confirming his will dated 17 May 1938 as changed by the codicil. In the codicil he devised certain realty to his wife. It was contended that the original will was revoked by the marriage of the testator after its execution and that there had been no valid re-execution thereof and, therefore, the paper writing purporting to be a will was null and void. This Court said: "We cannot so hold under the authorities in this State, which we think are borne out by reason and logic." The Court further quoted with approval the statement from *Murray v. Oliver,* 41 N.C. 55: "Whatever doubt was once entertained, it is now unquestionably settled, that adding a codicil is a republication, and the codicil brings the will to it, and makes it a will from the date of the codicil."

However, under the provisions of G.S. 31-5.5, a will in this jurisdiction is not revoked by the birth of a child to or the adoption of a child by the testator after the execution of the will, but any such after-born or after-adopted child shall be entitled to such share in the testator's estate as it would be entitled to if the testator had died intestate, unless: "(1) The testator made some provision in the will for the child, whether adequate or not, or (2) It is apparent from the will itself that the testator intentionally did not make specific provision therein for the child."

We hold that the execution of the codicil involved in this action constituted a republication of the testator's will as of 9 November 1949, and the judgment entered below was correct and will be upheld.

Affirmed.