# Richmond

THELMA PURNELL DELLY v. SEABOARD CITIZENS NATIONAL BANK OF
NORFOLK, ADMINISTRATOR, C. T. A., ET AL.

June 12, 1961.

Record No. 5256.

Present, Eggleston, C. J., and Spratley, Buchanan, Snead, l'Anson and Carrico, JJ.

The opinion states the case.

*John P. Harper* (*Worthington, White & Harper*, on brief), for the appellant.

*Spencer Gill* and *James M. Robertson* (*Rixey & Rixey*, on brief), for the appellees.

SPRATLEY, J., delivered the opinion of the court.

The facts in this case are not in dispute. They present the question: Does a paper writing, which the testatrix refers to as a codicil to a prior will, but which makes no disposition of property, and directs no act of a testamentary nature, operate to revive the prior will which had been revoked by a subsequent will?

Marie Elizabeth Purnell died on October 31, 1959, leaving three paper writings relating to her estate. One was a last will and testament dated April 22, 1952; the second was a last will and testament dated February 24, 1953; and the third was a paper writing dated August 14, 1959. Each writing was duly executed by the deceased, and witnessed and attested by competent witnesses.

Under the 1952 writing the testatrix bequeathed and devised to each of her two sons, John Wesley Purnell and Joseph Hugh Purnell the sum of $1,000.00; established a trust fund of $3,000.00 for her incompetent daughter, Margaret N. Purnell; and bequeathed the residue of her property to her daughter, Thelma Purnell Delly, the appellant.

Under the terms of the 1953 will, the testatrix expressly revoked all prior "wills and codicils," and then bequeathed and devised one-fourth of her estate to each of her two sons, John Wesley Purnell and Joseph Hugh Purnell; one-fourth to her daughter, Thelma Purnell Delly; and the remaining one-fourth to her incompetent daughter, Margaret N. Purnell.

The writing dated August 14, 1959, typed on stationery bearing the printed inscription "Last Will and Testament," reads, so far as is material, as follows:

"WHEREAS, I MARIE ELIZABETH PURNELL did on the 22nd day of April, 1952, make my last Will and Testament in writing, and whereas I desire to make an affirmative declaration concerning Mrs. Ida Purnell O'Shura, I do now make this codicil thereto, to be taken as part thereof.

"I wish it to be clearly understood that under no circumstances is the aforesaid Ida Purnell O'Shura to receive anything from my estate. I have been advised that under my Will she will receive nothing, however, being fully acquainted of her vicious trouble-making character, I deem it advisable to make this declaration.

"While I lived, she made false accusations against my character and conducted a general course of action which caused me ill health and largely contributed to my illness and death."

The 1953 instrument was admitted to probate by the Clerk of

the Circuit Court of the City of Norfolk on November 6, 1959, and the Seaboard Citizens National Bank of Norfolk qualified as administrator c. t. a.

Thelma Purnell Delly, hereinafter referred to as appellant, appealed from the order to the Circuit Court. A guardian *ad litem* was appointed for Margaret N. Purnell, a person of unsound mind, and he duly filed an answer for her.

After hearing the testimony, *ore tenus*, the trial court struck the evidence, rejected the writings of 1952 and 1959, adjudged the writing of February 24, 1953, to be the last true will and testament of the testatrix, and affirmed the order of the clerk admitting it to probate.

Thelma Purnell Delly applied for and was granted this appeal. She contends that the writing of August 14, 1959, is a valid codicil executed with the intention of the decedent to revive her revoked will of April 22, 1952.

A "will" or a "testament" is generally defined as an act by which a person makes a disposition of his property after his death according to his own desires and wishes. There is also authority that: "The word 'testamentary' in this connection may be taken to mean applicable or related to death; having to do with dispositions or arrangements effective upon the happening of that event;" as when the paper writing changes the executor of a will, or adds a co-executor. Lamb, Virginia Probate Practice, 1957, § 33, page 66.

In *Coffman* v. *Coffman, et al.*, 85 Va. 459, 8 S. E. 672, 2 L. R. A. 848, 17 Am. St. Rep. 69, we held that an instrument, although sufficiently executed to constitute a will, was not entitled to probate where it made no affirmative disposition of the property of the testator, but attempted merely to exclude an heir of the testator from participation in the estate. Nor did a statement therein which purported to explain the exclusion of the heir make it a will.

The word "will" is construed by statute in Virginia to "extend to a testament, and to a codicil," and also to "any other testamentary disposition." Code, § 64-47.

In *Fenton* v. *Davis*, 187 Va. 463, 471, 47 S. E. 2d 372, we approved the definition of a "codicil" as "an instrument made subsequent to a will and modifying it in some respects—and forming part of it, superseding it so far as inconsistent with it."

In *Senger* v. *Senger*, 181 Va. 786, 789, 27 S. E. 2d 195, we said: "The function of a codicil is to add to, supplement or alter the provisions of a will."

"A 'codicil' is a supplement to, or addition to or qualification of, an existing will made by the testator to alter, enlarge, or restrain the provisions of the will." 94 C. J. S., Wills, § 1, page 678.

In *Henderson* v. *Henderson*, 183 Va. 663, 667, 33 S. E. 2d 181, we said:

"Since our decision in *McBride* v. *McBride*, 26 Gratt. (67 Va.) 476, 480, the rule in this Commonwealth has been that any paper writing offered for probate as a will or codicil must bear the stamp of testamentary intent."

In *Poindexter* v. *Jones*, 200 Va. 372, 376, 106 S. E. 2d 144, we quoted with approval the following statement from Judge Lamb's book on "Virginia Probate Practice, 1957," that: " 'At any rate it is just as important that *animus testandi* appear—*and appear from the face of the paper itself*, unaided by evidence *aliunde*—as that the formalities of execution required by the statute of wills be complied with.' "

Only instruments of a testamentary character may be probated, and probate rests upon and is regulated by statute. Code of Virginia, 1950, § 64-72 *et seq.; Tyson* v. *Scott*, 116 Va. 243, 250, 81 S. E. 57. The above requirement and the regulations which apply to the probate of a will extend with like force and effect to the probate of a codicil.

The will of 1952 having been expressly revoked, Code of Virginia, 1950, § 64-59, it could not be revived except in the manner provided by Code, § 64-60. The latter section provides that: "No will or codicil, or any part thereof, which shall be in any manner revoked, shall, after being revoked, be revived otherwise than by the re-execution thereof, or by a codicil executed in the manner hereinbefore required, *and then only to the extent to which an intention to revive the same is shown.*" (Emphasis added.)

Tested by the foregoing rules, the writing on August 14, 1959, does not meet the requirements of a will or a codicil. It makes no disposition of decedent's estate. No *animus testandi* is found therein. It does not modify any former will, nor is it inconsistent therewith. It is singularly bare of any expression of an intention to revive the revoked will of 1952. It does not incorporate therein any provisions of that will. The decedent wanted to make sure that Mrs. O'Shura should not, under any circumstances, receive anything from her estate. It was nothing more than a reference to the 1952 will, the decedent's interpretation of that instrument, and her reason for execut-

ing the paper writing of 1959. Whether called a codicil or not, it did not make any change in the disposition theretofore made of her property, did not provide for a change of executor, nor supersede any provision of the will referred to.

The writing of August 14, 1959, was not entitled to be admitted to probate. This conclusion makes it unnecessary to further discuss appellant's contention that the 1959 writing, by referring to the will of 1952, operated to revive the will of 1952. Not being entitled to probate, it has no effect whatever on any previous will.

Appellant relies upon *Gooch* v. *Gooch*, 134 Va. 21, 113 S. E. 873; *Francis* v. *Marsh*, 54 W. Va. 545, 46 S. E. 573; and *Young* v. *Williams*, 253 N. C. 281, 116 S. E. 2d 778, each of which is distinguishable on the facts therein from those in the case before us.

In *Gooch* v. *Gooch, supra*, the court held that the writing involved was a testamentary act because it disclosed Gooch's intention to leave his estate to his wife.

In *Francis* v. *Marsh, supra*, a will was revoked by the subsequent marriage of the testator. After his marriage, the testator executed a codicil to this effect, "I do make this a codicil to my will made on the 6th day of August, 1895," and the only modification of his will was a change in one of the executors. The court held the revoked will to have been revived inasmuch as there was unmistakable reference to it as being considered by the testator to be still in effect when he wrote the codicil.

In *Young* v. *Williams, supra*, husband and wife jointly executed a codicil expressly reaffirming each of their wills theretofore made, and named a new executor, in the event of their joint death in a common disaster. It held that the codicil was of a testamentary nature, in that it constituted a re-publication of the husband's will.

On consideration of all of the foregoing, the decree of the trial court is affirmed, with costs of the proceeding against the appellant. In accordance with the prayer in the brief of the guardian *ad litem*, counsel for the incompetent defendant, for reasonable compensation and his actual expenses in the preparation of her brief and his argument in this case, this proceeding is remanded to the trial court for the determination and allowance of such compensation and expenses as may be reasonable. Virginia Code, § 8-88.

*Affirmed and remanded.*