## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Estate of
Virginia Norment Potts

June 16, 1975

BY JUDGE ALEX H. SANDS, JR.

Having studied the authorities cited by counsel in argument this week, I have concluded that the document in question cannot qualify as a will.

The question involved is very narrow in scope; i.e., whether an instrument executed by a decedent before his death which appoints an executor of his estate but which makes, on its face, no disposition of property, can qualify as a will and be accepted as such for probate under the laws of this state?

> I, Virginia N. Potts, nominate and appoint Lee P. Martin as Executor of my Estate, and I request that no security be required on the bond of my Executor.
>
> I authorize my Executor either to request or not to request the Court or Clerk to appoint appraisers for my estate as my Executor, in his sole discretion, shall deem to be in the best interest of my Estate.

Counsel have frankly conceded that this precise question has not been before the Supreme Court of Virginia. It is further true, moreover, that as counsel for proponent contends, the expressions of our appellate court in the cases cited by counsel are at most dicta, for those cases are dealing with situations different from that presented in the case at bar. *Boisseau v. Aldridge*, 32 Va. (5 Leigh) 222 (1834) (attempt to disinherit heir with only partial distribution of property); *Coffman v. Coffman*, 85 Va. 459 (1888) (attempt to disinherit with no disposition of property); *Thompkins v. Randall*, 153 Va. 530 (1929) (whether letter from decedent to claimants constitutes a will or merely a promise to make a will); *Delly v. Seaboard Bank*, 202 Va. 764 (1961) (whether an instrument purporting to be a codicil was sufficient to revive a previous will which had been rejected by testator).

Whenever and however the question arises as to what constitutes a will, the necessity for *dispositive* language is emphasized. Thus the statutory

definition of a will, found in Code § 64.1-45, concludes "and also any other testamentary *disposition.*" (Emphasis added.) The act of disposition is the *sole* purpose of a will. *Carr v. Effinger,* 78 Va. 197 (1883).

While it is true that the naming of an executor is one of the features of a will, *Boisseau v. Aldridge,* 5 Leigh 222 at page 238, yet the instrument must, in addition, show an intent on the part of the testator that the instrument is to effect a disposition of his property. *Coffman v. Coffman,* 85 Va. at page 460. And this intent must appear upon the face of the instrument, unaided by evidence *aliunde. Delly v. Seaboard Bank,* 202 Va. 764, 767, quoting Lamb's *Virginia Probate Practice.*

It must be conceded that there is no express language upon the face of the instrument to evidence any dispositive intent. Counsel for proponent, however, argues that such intent arises by implication. It must be assumed, he argues, that when the decedent named an executor he most certainly intended that he was to have something over which to exercise his powers conferred upon him by virtue of his executorship, and that having named no beneficiaries that it must be assumed that he intended his statutory beneficiaries to have been the recipients of his bounty and only desired the selection of the person who was to administer his estate. A similar argument was made in the *Boisseau* case, *supra,* and was rejected by the court in this language:

> To carry the doctrine of implication so far, would make a will for the testator, and not interpret the will made by him. When a testator has devised his estate by will, and is not precise as to the persons who are to take, or as to the quantity of estate they are to take, from necessity, and to effectuate his intention to dispose of his estate, and not to leave it to the law to dispose of it, courts imply his intent as to persons and the quantity of estate they are to take. But when the question is, *whether he intended to devise his estate or not,* we are not authorized to imply that he does, unless it is a *necessary inference* from the language he uses . . . . [Emphasis added.] At 239.

And again to the same effect the court in *Coffman, supra,* says:

> It is true the devise or bequest need not be in express terms, and that it may be by necessary implication; but to justify such an implication, the intention of the testator *must be so apparent that an intention to the contrary cannot be supposed, for otherwise*

*the implication is not a necessary one* . . . . [Emphasis added.] At 461.

The implication urged by proponent in the case at bar could hardly qualify as a "necessary" one by this standard.

There is no doubt from the face of the instrument that decedent desired the proponent to administer his estate, but there is no word which would suggest to whom he desired his estate to go or in what proportions; or, indeed, that he intended by this instrument to *dispose* of anything. The Court would have no more right to infer from the language of this instrument that decedent intended his estate to be distributed to his statutory beneficiaries than to infer that he intended to prefer one of his family over another. In either instance, the Court would, in effect, be writing the will. A court can make a will for no man. *Boisseau v. Aldridge, supra*, at 244.

It might well be that by evidence *aliunde* dispositive intent could be established beyond peradventure, but such latitude is not allowed the court. *Delly v. Seaboard Bank, supra*.

For the above reasons, the instrument in question cannot be accepted as a will, and the action of the Clerk in refusing probate must be sustained.