## CIRCUIT COURT OF HENRICO COUNTY

Louis Alexander

v.

Mary Alma Jones et al.

March 19, 1980

Case No. 78-C-751

By JUDGE L. PAUL BYRNE

The decedent, Joseph L. Alexander, Sr., died on February 16, 1978, and by his last will and testament dated August 31, 1964, named First and Merchants National Bank as Executor and Trustee. On June 2, 1978, First and Merchants National Bank qualified as Executor and offered for probate the will as well as a holographic letter dated December 20, 1977, from the decedent to Mr. Edgar Andrews of the Trust Department of First and Merchants purporting to be a valid codicil to such will. The Clerk of this Court admitted the attested will and the holographic letter to probate.

The complainants here are the named beneficiaries under the attested will and filed this suit challenging the validity of the holographic letter as a codicil to such will on the ground that there does not appear from the letter the requisite testamentary intent.

The Bank, as Executor, and all of the parties identified in the holographic letter as possible beneficiaries of the decedent's estate have been made defendants. All defendants have been properly served and each, with the exception of Mary Alma Jones, Chapter 69 of the American Association of Retired Persons and the Y.M.C.A., has filed an answer.

On June 1, 1979, this cause was heard by the Court upon the pleadings and a stipulation that the letter dated December 20, 1977, was solely in the handwriting of the decedent, and upon the arguments of counsel. Upon completion of the hearing, the Court took this matter under advisement and established a briefing schedule which was completed by June 29, 1979. Briefs were filed by the complainants and by the Attorney General.

The sole issue before the Court is whether the holographic letter dated December 20, 1977, from the decedent to First and Merchants National Bank, and admitted to probate by the Clerk, constitutes a valid codicil to the decedent's will dated August 31, 1964.

The complainants assert that before a document may be admitted to probate it must be shown that the document offered was executed with testamentary intent, i.e., that the author intended the writing to be his will or codicil. In support of this contention, the complainants cite *Mumaw* v. *Mumaw*, 214 Va. 573, 203 S.E.2d 136 (1974); *McCutchan* v. *Heizer*, 217 Va. 938, 234 S.E.2d 275 (1977); and *Delly* v. *Seaboard Citizens National Bank*, 202 Va. 764, 120 S.E.2d 457 (1961).

Although, the Attorney General "concedes the validity of the principles enunciated in" these cases, he suggests that the facts of the instant case make it readily distinguishable. Further, the Attorney General argues that here there exists a close factual similarity to the circumstances that obtained in *Henderson* v. *Henderson*, 183 Va. 663, 33 S.E.2d 181 (1945).

As people and opinions differ so also do informal holographic documents. An examination of the documents involved in all of the cited cases reveals few, if any, factual similarities to the letter at issue here. Thus, in the final analysis, the Court must carefully examine the writing penned by the decedent in the light of controlling principles of law. Those principles, in the opinion of this Court, are well settled in Virginia. In *Mumaw* v. *Mumaw*, *supra*, at pages 576, 577, the test for determining whether or not an informal holographic letter is testamentary in nature, has been set forth by the Supreme Court of Virginia, as follows:

Although it is true, as argued, that a letter can constitute a will, "[I]t must satisfactorily appear that he [the letter writer] intended the very paper to be his will." *McBride* v. *Mc-Bride*, 67 Va. (26 Gratt.) 476, 481 (1875); *Tompkins* v. *Randall*, 153 Va. 530, 536, 150 S.E. 249, 250, 251 (1929); *Smith* v. *Smith*, 112 Va. 205, 209, 70 S.E. 491, 493 (1911). In addition, for such a writing to be a valid will in Virginia, testamentary intent must be found on its face, not from extrinsic evidence. *Quesenbury* v. *Funk*, 203 Va. 619, 624, 125 S.E.2d 869, 874 (1962); *Poindexter* v. *Jones*, 200 Va. 372, 376, 106 S.E.2d 144, 147, 148 (1958).

Thus, it is apparent that the issue here is whether it appears on the face of the holographic writing in question that the decedent intended such writing to be a codicil to his will and dispositive of his assets. It is the Court's opinion that this question must be answered in the negative. In seeking to determine the decedent's intent, the Court finds that in analyzing the holographic writing, it can be broken down into five parts, as follows:

(1) The decedent begins the letter with a reference *"to our recent conversation about my will"*;
(2) He then proceeds to list his assets;
(3) Then he states that *"I desire to have codicils added to my will"*;
(4) He then writes that *"I wish to create a trust"*; and,
(5) The decedent concludes with the following: "If you will call me at my residence 5201 Cutshaw, phone 288-0680, I will meet you at your office *as suggested.*" (Emphasis added).

Nowhere in this writing does the decedent employ such terms as "give", "bequeath", or "devise". Conversely, he expresses a "desire" to have codicils "added" to his will and a "wish to create a trust". In brief, the decedent's expressions are precatory and merely tentative. When considered as a whole, the tenor of his letter strongly suggests that in an earlier conversation with Mr. Andrews

the decedent discussed making some changes in his will, that Mr. Andrews suggested a meeting at the offices of the Bank, and that the outline of the decedent's wishes set out in the holographic writing were to form the basis of discussions at such a *future* meeting.

Accordingly, this Court holds that the holographic letter dated December 20, 1977, does not contain the necessary testamentary intent required by the test set forth in *Mumaw* v. *Mumaw*, *supra*, is not a valid codicil to the decedent's will and should not have been admitted to probate.