**Wava D. JARVIS, Plaintiff/Appellant,**

v.

**Edward ERNHART,
Defendant/Respondent.**

No. 59238.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 4, 1992.

Robert C. Jones, Jr., Robert Edward Jones, Clayton, for plaintiff, appellant.

Joseph B. Dickerson, Jr., St. Louis, for defendant, respondent.

GARY M. GAERTNER, Judge.

Appellant, Wava Dean Jarvis, appeals a ruling by the Circuit Court of St. Louis County denying probate to a will executed on December 11, 1986, and admitting to probate a will and subsequent codicil executed on April 24, 1984, and December 23, 1986, respectively. We affirm.

Appellant and respondent, Edward Ernhart, are half-siblings. Both are children of decedent, Shirley R. Ernhart, whose wills are at issue in this action. Appellant lives in Suwanee County, Florida, and respondent lives in St. Louis, Missouri.

Prior to October 1981, decedent lived in St. Louis. The record does not indicate whether she lived with respondent or separately, however, in October 1981, decedent changed her residence to Florida. Decedent's home in Florida was apparently built for her by appellant and her husband for $19,000.00.

On April 16, 1982, in Suwanee County, Florida, decedent executed a will, revoking all prior wills, which devised all decedent's personal effects, clothing and jewelry to appellant. The residue of the estate was to be divided equally between appellant and respondent.

In October of 1983, decedent changed her residence back to St. Louis again, purchasing a house at 8704 White Avenue. In early 1984, respondent moved into the White Avenue residence with decedent.

On April 24, 1984, decedent executed another will, revoking all previous wills, which named respondent as decedent's personal representative. The will devised decedent's personal effects and jewelry to respondent, as well as half of the residue. The remaining portion of the estate was divided equally between respondent's two children. Decedent stated in the instrument that she omitted appellant from the terms of the will intentionally.

In July or August of 1986, while she was hospitalized, decedent contacted an attorney and instructed him to prepare a will essentially identical to her will of April 16, 1982, leaving personal effects and jewelry to appellant and dividing the residue equally between appellant and respondent. The attorney complied and the new will revoking all prior wills was executed on December 11, 1986.

Soon after the new will was executed, respondent contacted Mr. Joseph B. Dickerson, an attorney, and asked him to meet with decedent because she was upset about having signed the previous will. Pursuant to conversations between decedent and Mr. Dickerson, decedent executed a codicil to the April 24, 1984, will on December 23, 1986, republishing that document, thus leaving all her estate to respondent and his children. In addition, the codicil devised all decedent's real property to respondent.

Decedent died on January 23, 1987. Shortly after her death, the December 11, 1986 will was admitted to probate and letters testamentary were granted. Roughly two months later, on April 23, 1987, respondent offered the codicil of December 23, 1986, and its attached will for probate. The personal representative was removed and respondent took his place.

On June 3, 1987, appellant filed her petition to contest decedent's will of April 24, 1984, and the codicil thereto dated December 23, 1986. A verdict was rendered on September 19, 1990, in favor of respondent. This appeal followed.

Appellant's sole point on appeal alleges the trial court erred in failing to grant

appellant a directed verdict at the close of the evidence. In support of this claim, appellant claims the 1984 will was incapable of republication by the December 23, 1986 codicil, because it had been revoked by the terms of the intervening December 11, 1986 will. We disagree.

The question presented by this case is a simple one: Does a codicil to a prior revoked will republish that prior will and revoke an intermediate will?

We note that this is a question of first impression in Missouri but many other states have addressed the instant issue. The decision of other states' tribunals are remarkably consistent on this question. All decisions directly on point hold that such republication by a subsequent codicil is sufficient to revive a revoked will. *Fuller v. Nazal*, 259 Ala. 598, 67 So.2d 806 (1953); *Knecht's Estate*, 341 Pa. 292, 19 A.2d 111 (1941); *In re Coffield's Will*, 216 N.C. 285, 4 S.E.2d 870 (1939); *In re Cameron*, 215 Iowa 63, 241 N.W. 458 (1932); *Derr v. Derr*, 123 Kan. 681, 256 P. 800 (1927); *In re Seiler's Estate*, 176 Cal. 771, 170 P. 1138 (1918); *In re Campbell's Will*, 170 N.Y. 84, 62 N.E. 1070 (1902).

Appellant, by contrast, was unable to cite this court to any caselaw in support of her position, and after a diligent search, we are likewise unable to find any. This question, it appears, is quite well settled.

We decline appellant's invitation to strike out upon completely untrodden judicial paths when the decisions of courts in our sister states are both well-reasoned and consistent. We therefore affirm the judgment of the trial court.

REINHARD, P.J., and CRANE, J., concur.