# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

In re Estate of
Jerry J. Hamner

July 13, 2007

Case No. 07-46

BY JUDGE EDWARD L. HOGSHIRE

This day, pursuant to the provisions of § 64.1-80 et seq. of the Code of Virginia, came the Petitioners Patricia Ann Hamner and Marie Dare Hamner Payne, by counsel, upon their Complaint for Probate of Will and Codicils, and the Defendant Jerri Anne Arrington, upon her Motion to Intervene and Answer, objecting to the probate of the writings offered as codicils. Upon the evidence heard *ore tenus*, and the exhibits introduced at the trial held in this matter on June 6, 2007, upon the Memorandum of counsel and argument by counsel, upon consideration of these matters and in accordance with the review of the evidence and law of this matter, the Court makes the following findings of fact and conclusions of law.

Jerry J. Hamner died a resident of the City of Charlottesville, Virginia, on April 15, 2006. At the time of his death, Jerry J. Hamner was survived by his heir at law, his daughter Defendant Jerri Anne Arrington, formerly known as Jerri Anne Hamner. At the time of his death, Jerry J. Hamner was also survived by his two sisters, Petitioners Patricia Ann Hamner and Marie Dare Hamner Payne. At the time of his death, Jerry J. Hamner left as his last will and testament a testamentary writing titled Last Will and Testament dated December 11, 1985 (the "Will"), which was properly executed before three witnesses and acknowledged before a notary public as a self-proved will in accordance with Va. Code § 64.1-87.1.

A copy of the Will was admitted at trial as Plaintiff's Exhibit 2. The original of the Will is lodged for safekeeping in the Court's file in this matter. The Petitioners and the Defendant acknowledge that the Will is a valid testamentary instrument of Jerry J. Hamner.

At the time of his death, in addition to the Will, Jerry J. Hamner left three writings, consisting of a total of five pages, which the Petitioners assert should be admitted to probate as valid holographic codicils to the Will. The writings were admitted at the trial in this matter as follows.

A. Plaintiff's Exhibit 3 introduced at trial consists of a three-page writing, signed by Jerry J. Hamner at the bottom of page 3 and dated as of February 7, 2006, which provides as follows:

> Page 1 of 3, Article IV: Delete daughter, Jerri Anne Hamner, last name by marriage, Jerri Anne Arrington; Include second sister, Marie Dare Hamner Payne, instead of daughter; Page 2 of 3, Article V: No one is under age of 25; Add any moving property not attached to 2300 Center Avenue be left equally to my sisters, Patricia Ann Hamner and Marie Dare Hamner Payne; Page 3 of 3: Daughter, Jerri Anne Arrington, is to be left out of my will completely.

B. Plaintiff's Exhibit 2 introduced at trial consists of a one-page writing, signed by Jerry J. Hamner at the bottom and dated as of February 7, 2006, which provides as follows:

> The house and land is to be left to my sister, Patricia Ann Hamner, located at 2300 Center Avenue, Charlottesville, Va. 22903.

C. Plaintiff's Exhibit 3 introduced at trial consists of a one-page writing, signed by Jerry J. Hammer at the bottom, which provides as follows:

> Any and all contents not attached to said property is to be divided equally between my sisters.

The original of Plaintiff's Exhibits 3, 4, and 5 is lodged for safekeeping in the Court's file in this matter.

Each of the three handwritten documents submitted for probate as valid codicils, namely Exhibits 3, 4, and 5, are wholly in the handwriting of Jerry J. Hamner as evidenced by the testimony of Randy Kirby, David Allen, and David Carter, all disinterested witnesses as required by § 64.1-49 of the Code of Virginia, except for the phone number "293-3127 " on Exhibit 3, which is in the handwriting of David Carter. Defendant does not contest that each of Exhibits 3, 4, and 5 are wholly in the handwriting of Jerry J. Hamner. Each of the three handwritten documents offered as codicils to the Will were delivered

by Jerry J. Hamner to David C. Carter, an attorney practicing in Charlottesville, Virginia, on or about February 7 or 8, 2006. At the time of the death of Jerry J. Hamner, each of the three handwritten documents remained in the possession of David C. Carter.

The sole issue before the Court is whether each of the three handwritten documents offered as codicils to the Will evidence the requisite testamentary intent.

A "codicil" is "an instrument made subsequent to a will and modifying it in some respects – and forming part of it, superseding it so far as inconsistent with it." *Delly v. Seaboard Citizens Nat'l Bank*, 202 Va. 764, 120 S.E.2d 457 (1961).

The Court concludes that the three-page handwritten document introduced as Exhibit 3 evidences the requisite testamentary intent to establish it as a valid codicil to the Will for the following reasons: Exhibit 3 refers specifically to Articles of the existing Will and how Jerry J. Hamner desired to change the terms of the Will, Exhibit 3, on pages two and three, uses the word "left." "The word 'left' is of testamentary significance and in that sense is in common use." *Grimes v. Crouch*, 175 Va. 126, 7 S.E.2d 115 (1940), Exhibit 3 on page 3 makes specific reference to "my will," Jerry J. Hamner signed the writing at the bottom of the last page in a manner consistent with the signing of a testamentary instrument.

The Court concludes that the one-page handwritten document introduced as Exhibit 4 evidences the requisite testamentary intent to establish it as a valid codicil to the Will due to the use of the word "left" and the fact Jerry J. Hamner signed the writing at the bottom of the page in a manner consistent with the signing of a testamentary instrument.

The Court concludes that the one-page handwritten document introduced as Exhibit 5 evidences the requisite testamentary intent to establish it as a valid codicil to the Will due to the use of the phrase "to be divided equally." *See Thomas v. Copenhaver*, 235 Va. 124, 365 S.E.2d 760 (1988) (explaining the term "divide evenly" evinces the decedent's desire to dispose of her property). In addition, Jerry J. Hamner signed the writing at the bottom of the page in a manner consistent with the signing of a testamentary instrument.

Each of the originals of the handwritten, testamentary documents, introduced as Exhibits 3, 4, and 5, shall be admitted to probate as valid holographic codicils to the Will. The Will, itself, should be admitted to probate in the Clerk's Office of this Court as the last will and testament of Jerry J. Hamner.

Under the terms of the Will, the decedent, Jerry H. Hamner, nominated and appointed the Petitioner, his sister Patricia Ann Hamner, as Executor of his last will and testament. As requested under the terms of the Will, Patricia Ann Hamner shall be permitted to qualify, with surety waived, before the Clerk of this Court as Executor of the Will.

Accordingly, it is hereby ordered and decreed that the Clerk of this Court shall admit each of the originals of the following testamentary documents as the valid last will and testament of Jerry J. Hamner: Last Will and Testament dated December 11, 1985, introduced as Plaintiff's Exhibit 2; a three-page holographic, testamentary document (codicil) dated February 7, 2006, introduced as Plaintiff's Exhibit 3; a one-page holographic, testamentary document (codicil) dated February 7, 2006, introduced as Plaintiff's Exhibit 4; a one-page holographic, testamentary document (codicil) introduced as Plaintiff's Exhibit 5.

The Clerk shall permit Patricia Ann Hamner to qualify, with surety waived, before the Clerk of this Court as Executor of the estate of Jerry J. Hamner under the Last Will and Testament of Jerry J. Hamner and three Codicils to the Will. The Clerk shall record this Order among the will records of the Clerk's Office of this Court.

Pursuant to Rule 1:13 endorsement of counsel is dispensed with. All objections stated on in the Defendant's papers and during oral argument are noted. The Clerk is directed to send a certified copy of this Order to all counsel of record.