# Richmond.

## DINNING V. DINNING AND OTHERS.

### FEBRUARY 10, 1904.

1. WILLS—*Signature.*—A paper in all other respects good as an olograph will, and concluding, "I, William Dinning, say this is my
   last will and testament," is sufficiently signed.  The provision of
   the statute that a will shall be signed by the testator or by some
   other person in his presence and by his direction "in such manner
   as to make it manifest that the name is intended as a signature,"
   was designed to let in wills not signed at the foot or end, if
   signed in such manner as to afford internal evidence of authenticity equally convincing.  The signature to the will in this case
   is of that character.

Error to a judgment of the Hustings Court of the city of
Portsmouth, refusing to admit to probate a paper writing purporting to be the last will and testament of William Dinning,
deceased, on the *ex parte* application of the plaintiff in error.

*Reversed.*

The petition for the writ of error sets out the names and addresses of the heirs of William Dinning, deceased, and they
were made defendants in error.

*William H. Stewart,* for the plaintiff in error.

No counsel for the defendant in error.

HARRISON, J., delivered the opinion of the court.

In the Court of Hustings for the city of Portsmouth, on the 18th day of April, 1903, Harry James Dinning offered for probate the following paper, purporting to be the last will and testament of William Dinning, deceased:

"Portsmouth, Va., April 20th, 1902.

"In case of my death, I wish my brother Harry to take charge of my estate and pay off all of my just and honest debts, and I want my sister Mary's body brought from Berkley and buried alongside of me. After this is done and all paid for and my funeral and burying is paid for, I give to my brother, Harry Hunter Dinning, all of my furniture in my house on Glasgow street, Scottsville, and all of my clothes, watch and chain, and give him my house and vacant lots on Glasgow street, known as the Walton property, Scottsville, and my store, 1332 County street. I do give to my brother's wife, Mary Elizabeth Dinning, my half interest in the property corner of Glasgow and Pearl streets, Park View; she is the owner of the other half of this property, and to my nephew, Harry James Dinning, the house and lot corner of Glasgow and First avenue, Scottsville; also my Lincoln Park lot; to my niece, Daisy Hunter Raby, I leave my place known as the Perry place, North street, Park View, and my lot in Buffalo, N. Y., to pay off the mortgage to Mr. Wise. I leave her this, she being my favorite niece, and for kindness in my life, I having raised her and loved her. I, William Dinning, say this is my last will and testament."

The court certifies that it was proved that William Dinning died on the 20th of March, 1903; that at the date mentioned in the writing he was upwards of 21 years of age, and of sound mind and memory; that the paper was wholly in his handwriting, and was found, a few days after his death, in a valise, with his other valuable papers.

Probate of this writing was refused upon the ground that it
was not signed in such manner as to make it manifest that the
name was intended as a signature. This judgment was excepted
to, and a writ of error awarded by this court.

Section 2514 of the Code of 1887 requires that a will shall
be signed by the testator, or by some other person in his presence
and by his direction, in such manner as to make it manifest that
the name is intended as a signature. This statute was first in-
troduced into our law by the revisors of 1849, and has remained
unchanged to the present day. It has several times been inter-
preted by this court. *Ramsey, etc.,* v. *Ramsey's Ex'r,* 13 Gratt.
664, 70 Am. Dec. 438; *Roy, etc.,* v. *Roy's Ex'rs,* 16 Gratt. 418,
84 Am. Dec. 696; *Warwick* v. *Warwick,* 86 Va. 602, 10 S. E.
843, 6 L. R. A. 775. The result of these decisions is that it
must appear from the face of the paper that the testator designed
by the use of his signature to authenticate the instrument; the
manifest intention of the signature, wherever placed, being the
rule of the statute.

In *Ramsey* v. *Ramsey's Ex'r, supra,* after reviewing the his-
tory of the law on the subject, Judge Daniel says: "When due
weight is given to these considerations, there arises, I think,
a fair inference that the Legislature, in requiring that the will
shall be signed, 'in such manner as to make it manifest that the
name is intended as a signature,' designed not merely to enact
what had been decided in *Waller* v. *Waller* (1 Gratt. 454, 42
Am. Dec. 564), but to furnish a rule in respect to the signature,
which, whilst it would have all the certainty of the British
statute, would yet let in wills, which, though not signed at the
foot or end, might be signed in such manner as to afford internal
evidence of authenticity equally convincing."

In the case at bar the instrument was undoubtedly intended
as a will. It makes an orderly and apparently complete dispo-
sition of the testator's property. After naming an executor, the
testator gives directions as to the payment of his debts and the

removal of his sister's remains to be buried beside his own; and, subject to the payment of these debts and expenses, makes certain specific bequests and devises, leaving for the last the provision he desired to make for his niece, the special object of his affection and bounty. He then concludes, "I, William Dinning, say this is my last will and testament." If, under the construction placed, as seen, for nearly fifty years, upon it, the statute was designed to furnish a rule in respect to the signature, which would let in wills, though not signed at the foot or end, if signed in such manner as to afford internal evidence of authenticity equally convincing, then it would be difficult to conceive of a case coming more nearly within the contemplation of the statute than the will under consideration. The signature is at the end of an apparently completed instrument, and followed by only eight words, which do not indicate a purpose to add anything more, or to take anything from what had been written, but, understood according to their usual acceptation, constitute an emphatic declaration that the signature was intended to authenticate all that had preceded it, as the final consummation of the testator's purpose. If the testator had said, "I say this is my last will and testament—William Dinning," no question could have been raised. The sense is exactly the same when he says, "I, William Dinning, say this is my last will and testament." Neither form was essential. The will would have been complete without these words, either following or preceding the signature. The testator evidently used them as adding force to his signature, and it would be trifling with the right of a man to dispose of his property by will to hold that the addition of the words mentioned after the signature to an otherwise completed will had resulted in rendering invalid the entire instrument.

For these reasons, the judgment complained of must be reversed, and the case remanded, with directions to the lower court to enter an order admitting the will in question to probate.

*Reversed.*