𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

MEANY AND OTHERS V. PRIDDY AND OTHERS.

March 18, 1920.

WILLS—*Signature—Name of Testator must be Intended as His Sig-nature.*—No mere intention or effort to dispose of property by will, however clearly and definitely expressed in writing, is sufficient. Such purpose must be executed in the only manner authorized by the statute; that is, the writing itself must be authenticated by the signature of the decedent. It is not sufficient to raise a doubt as to whether his name is intended to authenticate the paper which is propounded as a will, for, to use the explicit language of the statute, it must be signed "in such manner as to make it manifest that the name is intended as his signature," and unless so signed it is not valid. Code 1919, sec. 5229.

Appeal from a decree of the Chancery Court of city of Richmond, on a petition for the probate of a will. From an order refusing to admit the paper to probate, petitioners appeal.

*Affirmed.*

The opinion states the case.

*R. H. Talley,* for the appellants.

*Jas. E. Cannon* and *S. A. Anderson,* for the appellees.

PRENTIS, J., delivered the opinion of the court.

The petitioners complain of an order refusing to admit to probate a paper alleged to be the last will and testament of Virginia Deane Meany, deceased. This paper was wholly

written by the deceased. It was entitled "Virginia Deane Meany's will," but her name does not otherwise appear thereon, except in the second of the six consecutively numbered items, indicating her wish to make numerous devises and bequests, where it is used apparently for the purpose of making it clear that a certain bequest to one of her nephews should be paid at her own death and not postponed until the death of her husband, to whom she had attempted in the first item to bequeath a large part of her estate for his life.

The document was found after her death in a sealed envelope, upon which she had written, "Mrs. Virginia Deane Meany's last will January 9th—18."

The question presented is not now open in Virginia. Substantially similar questions have been decided adversely to the claim of the petitioners in several cases, and the subject has been so fully and elaborately discussed in previous opinions of this court that we feel that we can add nothing of value thereto.

No mere intention or effort to dispose of property by will, however clearly and definitely expressed in writing, is sufficient; such purpose must be executed in the only manner authorized by the statute, that is, the writing itself must be authenticated by the signature of the decedent. It is not sufficient to raise a doubt as to whether his name is intended to authenticate the paper which is propounded as a will, for, to use the explicit language of the statute, it must be signed "in such manner as to make it manifest that the name is intended as his signature," and unless so signed it is not valid. Code 1919, sec. 5229; *Waller* v. *Waller*, 1 Gratt. (42 Va.) 454, 42 Am. Dec. 564; *Ramsey* v. *Ramsey*, 13 Gratt. (54 Va.) 670, 70 Am. Dec. 438; *Roy* v. *Roy*, 16 Gratt. (57 Va.) 418, 84 Am. Dec. 696; *McBride* v. *McBride*, 26 Gratt. (67 Va.) 476; *Perkins* v.

*Jones,* 84 Va. 358, 4 S. E. 833, 10 Am. St. Rep. 863; *Warwick* v. *Warwick,* 86 Va. 596, 10 S. E. 843, 6 L. R. A. 775; *Dinning* v. *Dinning,* 102 Va. 467, 46 S. E. 473; *Murguiondo* v. *Nowland,* 115 Va. 160, 78 S. E. 600; *Pilcher* v. *Pilcher,* 117 Va. 356, 84 S. E. 667, L. R. A. 1915 D, 902, 1 Va. L. Reg. (N. S.) 34.

*Affirmed.*