## SMITH, WILL OF, In Re.

Probate Court, Tuscarawas County.

No. 18959. Decided January 26, 1944.

J. R. Hill, New Philadelphia, for petitioner.

### OPINION

By LAMNECK, J.

Clara M. Smith of Uhrichsville, Ohio, died on the 16th day of October, 1943, leaving an instrument in writing purporting to be her last will and testament. The instrument is in longhand written by the decedent and is dated August 28, 1940.

After the dispositive items in the instrument appears the following:

"I Clara M. Smith, have Subscribed My Name this the 28 of August 1940. Signed and acknowledged by Clara M. Smith as and for her last Will and Testament in her presence and in the presence of each other have subscribed our Names as Witnesses. John S. Leggett. Mrs. Olga M. Leggett."

The question arises whether the instrument was signed at the end as required by §10504-3 GC, which reads as follows:

"Except nuncupative wills, every last will and testament shall be

in writing, but may be handwritten or typewritten. Such will shall be signed at the end by the party making it or by some other person in his presence and by his express direction, and be attested and subscribed in the presence of such party, by two or more competent witnesses, who saw the testator subscribe, or heard him acknowledge his signature."

The court is aware that in **Schubert v. Christman, 16 Oh Ap 432,** it was held that an instrument was not signed at the end where the signature appeared only in the testimonium clause. It was also held in **Sears v. Sears, 77 Oh St 104,** that an instrument was not signed at the end where the signature appeared only in the attesting clause.

In those cases there was no evidence to show that the name of the deceased as written was intended to be the signature of the deceased. In this case the instrument in question was undoubtedly intended as a will. It makes an orderly and apparently complete disposition of the decedent's property. It is entirely in her own handwriting. She contacted the witnesses, whom she had known for a long period of time, and acknowledged the instrument to be her will and the name appearing thereon as her signature.

The signature is at the end of an apparently completed instrument and is followed by only ten words before the attestation clause which do not indicate a purpose to add anything more or to take anything from what had been written. Construing these words according to their usual acceptation, they constitute an emphatic declaration that the signature was intended to authenticate all that had preceded it.

If the decedent had said, "I have subscribed my name this the 28th of August, 1940. Clara M. Smith," no question could have been raised. The sense is exactly the same when she says, "I Clara M. Smith, have Subscribed My Name this the 28 of August 1940." Neither form was essential. The instrument would have been complete without those words either following or preceding the signature. The decedent evidently used them as adding force to her signature and it would be trifling with the right of a person to dispose of his property by will to hold that the additional words mentioned after the signature to an otherwise completed will had resulted in rendering invalid the entire instrument. (See Dinning v. Dinning, 102 Va. 467, 46 S. E. 473.)

In view of the fact that the signature of the deceased appears at the end of all dispositive items, that the instument was intended to be her will, and that she acknowledged the same as her will before two competent witnesses, the court is of the opinion that the instrument is signed at the end by the decedent and that the same is executed in accordance with the provisions of §10504-3 GC.

It is therefore ordered that said instrument be admitted to probate.