## Richmond

LAURA V. PAYNE v. JAMES R. RICE, ADMINISTRATOR, ETC.

January 19, 1970.

Record No. 7037.

Present, All the Justices.

*Gayle B. Matthews* (*Harold O. Miller; Harrell & Mutchler*, on brief), for appellant.

*John L. Melnick*, for appellee.

HARMAN, J., delivered the opinion of the court.

Clara Ellen Rice, a resident of Arlington County, died on December 30, 1966. A holograph writing was admitted to probate as her last will and testament by the clerk of the Circuit Court of Arlington County on January 12, 1967. An appeal from this order of probate was taken by instituting this chancery suit in the Circuit Court of Arlington County.

A jury having been waived, the trial court, on an issue *devisavit vel non*, after hearing evidence *ore tenus*, held in its written opinion that the paper writing was the last will and testament of Clara Ellen Rice and was entitled to probate. A decree was entered accordingly. From that decree Laura V. Payne, one of the decedent's heirs at law, has perfected this appeal.

The holograph paper writing which was admitted to probate as the last will and testament of Clara Ellen Rice reads as follows:

"Last Will & testament of Clara Ellen Rice

"I Clara Ellen Rice residing in Arlington County Va, being of sound mind & body do hereby make this my last will and testament. First I direct all of my just debts and funeral expenses to be paid as soon as possible after my death.

"There is a saving account in the Old Dominion Bank at Ballston Va for this purpose.

"Second my house and 125 foot lot to my niece Alva W Rice all silver, glassware and furniture in the house unless otherwise listed.

"To my beloved niece Adelaide Dove 748 Kern Rd Annandale Va. all my personal belongings, Jewelry and linens.

"To Ellen My bloodstone ring and sewing machine (portable) The upright machine belongs to Adelaide Dove.

"To my very good friend and cousin Elsie Daniels, my rocking chair and large picture in living room

"To my good & faithful friend Helen Hoffman, my set of Honeysuckle pattern China and six irridescent sherberts.

"To my nephew James R Rice I leave 500.00

"The remainder of my land 182 feet is to go to my neice & her husband Billie & Bill Weeks.

"I want each of my friends Lynda Clark, Mary Lee Feldman & Barbara Elmore to have 500.00

"Also my very loyal friend Charles Haskins, I leave the sum of 1000 dollars.

"If there is not enough cash left, please reduce these sums in proportion" (quotation marks supplied)

At the hearing before the trial court it was disclosed that the writing, consisting of three pages, was discovered the day after the death of Mrs. Rice by Mrs. John Howard. Mrs. Howard, a wife of the decedent's nephew, had accompanied the appellant and Miss Ella Rice to the residence of the deceased for the purpose of obtaining the medicare card of the deceased which was needed in connection with the hospital's bill covering her last illness.

The medicare card was found in a cardboard box on top of a chest of drawers in the bedroom of the deceased. Also in this box was a writing tablet, approximately 8 x 5 inches in size, and a brown

manila envelope containing three printed will forms. The first three pages of the otherwise blank writing tablet contained the writing here at issue. These three pages were still attached to the writing tablet.

No question has been raised of the testamentary capacity of the decedent, and it is conceded that the writing is wholly in her handwriting.

The only issues before us are whether the paper writing was signed by the decedent as required by Code § 64-51[1] and whether the writing had the finality of testamentary intent, from intrinsic evidence, required for a valid will.

Prior to *Waller* v. *Waller*, 42 Va. (1 Gratt.) 465 (1845), this court had followed the English rule that the name of a testator, in his own handwriting, anywhere in a will was a sufficient signature. In *Waller* we questioned the soundness of this rule and rejected the former holdings on the subject.

After *Waller* the General Assembly, in 1850, codified the rule laid down there in the predecessor to our present statute. Since that time our statute has provided that a testator must sign the will "in such manner as to make it manifest that the name is intended as a signature." *Forrest* v. *Turner*, 146 Va. 734, 738, 133 S.E. 69, 70 (1926).

Since the original act of 1850, we have been called upon on numerous occasions to determine whether or not a will has been signed within the meaning of the statute.

The pertinent part of Code § 64-51 reads as follows: "No will shall be valid unless it be in writing and signed by the testator . . . in such manner as to make it manifest that the name was intended as a signature. . . ."

In 1945 in *Hamlet* v. *Hamlet*, 183 Va. 453, 32 S.E. 2d 729, and *McElroy* v. *Rolston*, 184 Va. 77, 34 S.E. 2d 241, we had occasion to review, distinguish and comment on most of the cases decided prior to that time.

The principles laid down there and in the earlier cases, briefly summarized, are that it is essential to a valid will that:

(1) There be a finality of testamentary intent and that the testamentary paper be executed in accordance with the statute.

(2) There be a concurrence of the testamentary intent to make

1. Recodified in 1968 as § 64.1-49.

a will (*animus testandi*) and the intention to sign the instrument as and for a will (*animus signandi*).

(3) The finality of the testamentary intent be ascertained from the face of the paper, extrinsic evidence being not admissible either to prove or disprove it.

(4) While the statute does not require the signature of a will to appear at the foot or end of the instrument, the signing elsewhere manifestly appear to be intended as a signature from the face of the instrument, by internal evidence equally convincing as the signing at the foot or end.

In *Hall* v. *Brigstocke*, 190 Va. 459, 58 S.E. 2d 529, 19 A.L.R. 2d 921 (1950), while recognizing these principles, we found a holographic will, where the signature appeared at the beginning, to be a valid will.

An examination of the original document in Hall[2] shows that it read

"Roberta Leckie Rittenhouse
Written by myself October 13th 1946

My Will

\* \* \*

The few things I have left to be given to Mrs. Harry F. Byrd
This is my last Will and Testament—"

It will be noted that the will began with the testatrix's name and ended "This is my last Will and Testament—". The testatrix herself placed quotation marks before her name at the beginning and at the end of the document but at no other place therein, which was a significant act of finality of intention on her part. The legacies were clear and concise, were separated by lines in most instances and denoted finality. The residuary clause near the end of the document was another significant act of finality. That will clearly showed on its face, from intrinsic evidence, a finality of testamentary intent. We concluded that the manifest intent of the testatrix to sign as required by statute was the inescapable conclusion that must be reached from the writing itself.

2. A photocopy of the original will can be found in 19 A.L.R.2d at page 924.

In the case now before us, we must reach a different conclusion. The document itself was still attached to a writing tablet, a fact which denotes a lack of finality. The paper ends without punctuation, which also shows a lack of finality in that it would indicate an incomplete document with something to be added. There was no disposition of the residue of the estate, this being another indication of a lack of finality.

The record indicates that the testatrix was a woman of average education. She was possessed of a modest amount of property and had accounts in at least two banks. She had in her possession three will forms which were found in the same box with the holographic paper offered for probate. She had carried on correspondence with at least two of the witnesses who testified. She always signed these letters and cards at the bottom or end, as is the custom. She signed her checks at the end in the customary manner.

Here the name of the decedent appears in the caption of the will and again in the exordium clause.

The caption identifies the document and the name appearing therein, in the absence of the manifest intent to sign as required by statute, is not a signature. *Meany v. Priddy*, 127 Va. 84, 102 S.E. 470 (1920); *McElroy v. Rolston, supra.*

The exordium clause identifies the person and the name appearing therein, in the absence of the manifest intent to sign as required by statute, is not a signature. *Ramsey v. Ramsey*, 54 Va. (13 Gratt.) 664 (1857); *Warwick v. Warwick*, 86 Va. 596, 10 S.E. 843 (1890); *Forrest v. Turner, supra.*

As we pointed out in *Meany v. Priddy, supra*, "It is not sufficient to raise a doubt as to whether his name is intended to authenticate the paper which is propounded as a will, for, to use the explicit language of the statute, it must be signed 'in such manner as to make it manifest that the name is intended as his signature', and unless so signed it is not valid."

For the foregoing reasons we reverse the decree of the trial court and remand the case for the entry of a decree refusing probate of the paper writing aforesaid as and for the last will and testament of Clara Ellen Rice.

*Reversed and remanded.*