Present: All the Justices

MARGARET R. KIDD, ET AL.

v. Record No. 002420   OPINION BY JUSTICE CYNTHIA D. KINSER
                                          September 14, 2001
LOUISE RAGLAND GUNTER, ET AL.

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Timothy J. Hauler, Judge

The plaintiffs, Margaret R. Kidd, Bernard G. Ragland,

Sr., and Graham K. Ragland, the surviving whole blood

siblings of Frances R. Fore (Fore), who died in March 2000,

instituted suit in the circuit court, offering for probate

as the holographic will of the decedent a handwritten

journal prepared by Fore during her lifetime.  The named

defendants in the suit are the children of Fore's two

deceased whole blood siblings, Fore's surviving half blood

sibling, and the children of Fore's deceased half blood

sibling.  Those defendants denied that the decedent's

handwritten journal satisfies the requirements of Code

§ 64.1-49 and asked the court to enter an order declaring

that Fore died intestate.

The court concluded that the journal proffered by the

plaintiffs was wholly in the handwriting of the decedent

and that Fore made the journal with testamentary intent.

However, the court determined that the decedent's name,

which appears only at the beginning of the journal, was not

intended as a signature in accordance with the requirements of Code § 64.1-49.  Therefore, the circuit court held that the journal is not a valid holographic will of the decedent and refused to probate it.  The plaintiffs appeal from that decree.  We agree with the circuit court and will, therefore, affirm the court's judgment.

The journal at issue is bound and contains many pages, most of which are blank.  On the inside cover in a pre-printed box, the decedent wrote her name, "Frances R. Fore," and her address, "6602 Rollingridge Lane[,] Chesterfield, Va 23832."  After the pre-printed word "Date," which appears in the box, Fore wrote the words "Started July 1994."  On the first few pages of the journal, Fore listed some of her assets and then consecutively numbered the next twelve pages of the journal.  On the page numbered 1, Fore wrote: "This journal has been set up to eliminate problems for my family at the time of my death."  After then setting out specific funeral and burial instructions, Fore stated: "The next few pages will instruct you as to what happens to a lot of my personal belongings.  All my money & other assets should be divided equally among Jimmy, Henry, Margaret, Bernard, & Graham, [Fore's whole blood siblings] if they are living at the time of my death."  On the pages numbered 2 through 12,

2

Fore made specific bequests of personal property to various individuals. Nothing appears on page 12 after the bequest listed there. Extraneous information is found on the next two unnumbered pages, which are then followed by many blank pages. Finally, several pages at the end of the journal contain a list of Fore's insurance policies and bonds.

At a hearing before the circuit court, two witnesses testified that the handwriting appearing on the inside cover of the journal and on the pages numbered 1 through 12 is that of the decedent. A witness who qualified as an expert in document examination agreed. However, the expert explained that Fore wrote some of the passages in different inks and that she did not write all the pages of the journal offered as her last will and testament at the same time.

On appeal, the sole issue is whether Fore signed the journal in such a manner as to make it manifest that her name on the inside cover of the journal was intended as a signature in accordance with the requirements of Code § 64.1-49. In pertinent part, that statutory provision provides that "[n]o will shall be valid unless it be in writing and signed by the testator . . . in such manner as to make it manifest that the name is intended as a signature . . . ."

3

Although Code § 64.1-49 requires that a testator sign a will, the statute does not specify where the signature is to appear in a writing intended as a will.  Slate v. Titmus, 238 Va. 557, 559, 385 S.E.2d 590, 591 (1989); McElroy v. Rolston, 184 Va. 77, 83, 34 S.E.2d 241, 243, (1945).  A testator's signature at the conclusion of the instrument may be the best method of executing a will in accordance with Code § 64.1-49, but this Court has repeatedly held that the signature need not appear at the foot or end of the instrument.  See, e.g. Slate, 238 Va. at 559, 385 S.E.2d at 591; Payne v. Rice, 210 Va. 514, 517, 171 S.E.2d 826, 828 (1970); Hall v. Brigstocke, 190 Va. 459, 466, 58 S.E.2d 529, 533 (1950); McElroy, 184 Va. at 83, 34 S.E.2d at 243; Hamlet v. Hamlet, 183 Va. 453, 461, 32 S.E.2d 729, 732 (1945); Dinning v. Dinning, 102 Va. 467, 469, 46 S.E. 473, 473-74 (1904); Warwick v. Warwick, 86 Va. 596, 602-03, 10 S.E. 843, 845 (1890); Ramsey v. Ramsey, 54 Va. (13 Gratt.) 664, 670 (1857).  "[H]owever, it must appear unequivocally from the face of the writing" that the person's name therein is intended as a signature.  Slate, 238 Va. at 560, 385 S.E.2d at 591 (citing Payne, 210 Va. at 517, 171 S.E.2d at 828).  And, when a testator's name is in the opening clause or at the beginning of the writing, "such insertion of the name [is] 'an equivocal act', and in

4

the absence of any affirmative evidence on the face of the paper, it [is] not manifest that the name was intended as a signature to the paper." McElroy, 184 Va. at 82, 34 S.E.2d at 243; accord Warwick, 86 Va. at 602, 10 S.E. at 845; Ramsey, 54 Va. (13 Gratt.) at 670. In other words, "there must be a concurrence of the animus testandi and the animus signandi — that is, the intention to make a will and the intention to sign the instrument as and for a will." Hamlet, 183 Va. at 462, 32 S.E.2d at 732 (citing Forrest v. Turner, 146 Va. 734, 745, 133 S.E. 69, 72 (1926)).

Although the circuit court found that Fore prepared the journal with testamentary intent, such intent alone is not sufficient to satisfy the signature requirement. This Court held in Meany v. Priddy, 127 Va. 84, 85, 102 S.E. 470, 470 (1920) that

> [no] mere intention or effort to dispose of property by will, however clearly and definitely expressed in writing, is sufficient; such purpose must be executed in the only manner authorized by the statute, that is, the writing itself must be authenticated by the signature of the decedent. It is not sufficient to raise a doubt as to whether his name is intended to authenticate the paper which is propounded as a will, for, to use the explicit language of the statute, it must be signed "in such manner as to make it manifest that the name is intended as his signature," and unless so signed it is not valid.

The plaintiffs do not dispute these principles but contend that Fore's signature on the inside cover of the

journal satisfies the provisions of Code § 64.1-49. Relying primarily on this Court's decisions in Slate and Hall, the plaintiffs argue that Fore's signature at the beginning of the journal combined with the language evidencing her intent, the specific bequests of personal property, and the inclusion of a residuary clause sufficiently connect the signature to the writing and authenticate the document.  We do not agree.

In Hall, the document in question, written wholly in the handwriting of the alleged testatrix, began within the phrase:  "Roberta Leckie Rittenhouse

Written by myself October 13th 1946

My Will[.]"

190 Va. at 463, 58 S.E.2d at 531.  After making specific monetary bequests and including two residuary clauses, one regarding the remainder of her money and the other disposing of any remaining property, the testatrix concluded the writing by stating: "This is My last Will and Testament."  Id. at 464, 58 S.E.2d at 531.  This Court concluded that

> [t]he will itself is sufficient to show that the
> name was manifestly intended as a signature.  It
> shows upon its face the finality of the
> instrument and the intent of the testatrix to
> make a will, and . . . to sign as required by the
> statute.  It is a complete document which
> disposes of all of the testatrix's property and

6

> contains no blanks or anything that would indicate that it was not her last will and testament. . . . When the last sentence of the will . . . is considered with the first paragraph, it is manifest that she intended her name as a signature to her will.

Id. at 466-67, 58 S.E.2d at 533.

Similarly, in Slate, the writing showed the finality of the instrument and the testator's intent to make a will. The document, entirely in the decedent's handwriting, began: "I, Garland B. Slate, . . . do hereby declare this to be my last will and testament." 238 Va. at 561, 385 S.E.2d at 592. After disposing of his entire estate, Slate then wrote: "Given under my hand this 25th day of October 1986." Id. This Court concluded that Slate, by including this final statement, "adopted his name in the exordium clause as his signature, thereby authenticating all that followed it." Id. That final phrase was the "other evidence" on the face of the writing that demonstrated that the signature was for the purpose of ratifying and authenticating the contents of the instrument. Ramsey, 54 Va. (13 Gratt.) at 670.

Contrary to the plaintiffs' argument, the Hall and Slate cases are distinguishable from the present case. Unlike the writings at issue in those cases, Fore's journal does not contain any statement or clause to denote finality

7

to the document, i.e., there is nothing after the specific bequest on page 12 to indicate that Fore had finished her "will" and wished to adopt and authenticate the writing as her complete testamentary act. With regard to the lack of finality, it is also significant that there was undisputed evidence that Fore wrote the passages in different inks and at different times.

In McElroy, a case factually similar to the present one, the alleged testatrix included her name at the beginning of the writing, and ended the document with a residuary clause and statement naming a person to settle the estate. 184 Va. at 79, 34 S.E.2d at 241-42. Concluding that there was nothing on the face of the instrument to indicate that the testatrix intended her name at the top of the page to be her signature to the will or to denote that she had finished the act of disposing of her property after her death, this Court stated that

> [t]he name of a person at the top of a written instrument, without any reference whatever to it in the body of the instrument, manifests no clearer intention of the signer that it is intended as his signature to the instrument than his name appearing in the opening clause thereof, or elsewhere in its body, without evidence or explanation on the face of the paper showing that such name was signed there for the purpose of ratifying and authenticating its contents. It connects the writer with the paper, but it does not show a finality and completion of testamentary intent.

Id. at 83-84, 34 S.E.2d at 243-44.

In the present case, Fore placed her signature in a pre-printed box on the inside cover of the journal. That space is typically used to denote ownership of a journal rather than to ratify and authenticate the contents of the journal. As we said in McElroy, insertion of the decedent's name at the beginning of a writing is an "equivocal act." Id. at 82, 34 S.E.2d at 243. No affirmative evidence on the face of the journal demonstrates that Fore intended her signature in that box to be her signature to the will. Nor, as we said previously, is there evidence that she had completed the testamentary disposition of her property. Therefore, even though Fore clearly had testamentary intent, we conclude that she did not sign her journal "in such manner as to make it manifest" that her name on the inside cover was intended as a signature to the writing. Code § 64.1-49.

For these reasons, we will affirm the judgment of the circuit court.

Affirmed.

9