PRESENT: All the Justices

DONAL A. IRVING, IN HIS CAPACITY
AS EXECUTOR OF THE ESTATE OF
DECLAN PATRICK IRVING

                                                    OPINION BY
v. Record No. 170071                    JUSTICE WILLIAM C. MIMS
                                                  December 14, 2017

CAROL DIVITO, ET AL.


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Randall D. Smith, Judge

In this appeal, we consider whether the circuit court erred by concluding that a

holographic writing did not comply with Code §§ 64.2-403 or -404.

I. Background and Procedural History

Declan Irving was married for four years. In the course of obtaining a divorce he

executed a property settlement agreement, which states that "no children were born of the

marriage" and "the infant child known as Patrick D. Irving is not the child of [Declan]." In

2012, he was diagnosed with colon cancer. He died on March 30, 2014.

After Declan's death, his brother, Donal Irving, found two notes Declan left in his hotel

room.[1] The notes were addressed to Donal and indicated that Declan's will was at a local law

firm. Donal contacted the firm but was advised that it retained only an electronic copy of the

will. Declan's hotel room also contained a key to a self-storage unit where a briefcase holding

Declan's original will was located. Despite the terms of the property settlement agreement,

Declan's will identified Patrick as "[m]y child born before the date of my [w]ill." It also

designated Donal as the executor of his estate and named Declan's parents and siblings as

beneficiaries.

_____

[1] Leading up to his death, Declan stayed in a hotel room close to the hospital where he
was receiving treatments.

The storage unit also contained a binder filled with a variety of estate planning documents, including a copy of the will, a general durable power of attorney, a special power of attorney, an advanced medical directive, and a document entitled "Estate Planning Reminders," which advised Declan not to make changes on the face of his will without contacting an attorney. Each set of documents was separated in the binder by tab-dividers. Written diagonally and in cursive across one of these dividers appeared the following writing, which Donal contends is a codicil:

> 11/17/03
>
> I wish to remove Patrick named as my son entirely from this will –
> no benefits.
>
> [Declan's initials]

Donal submitted the will and the above writing to the Circuit Court Clerk of the City of Chesapeake for probate. The Clerk admitted the will to probate but concluded that the writing was not a validly executed codicil. Donal, as the executor of the estate, appealed the Clerk's decision to the circuit court, arguing that the writing was a holographic codicil executed in compliance with the wills statute, Code § 64.2-403. Alternatively, he argued that it should be probated as a writing intended as a codicil under the dispensing statute, Code § 64.2-404.

At trial, Donal presented the testimony of five witnesses, each of whom was familiar with Declan's handwriting and signature. The first four were Declan's former colleagues, who all testified that the writing was in Declan's hand, and the initials were a signature they had seen Declan use. The fifth witness, Declan's accountant, testified without "[a]ny doubt" that Declan wrote and signed the writing.

In its letter opinion, the circuit court explained that the issue in this case is whether

> the writing meets the requirements of law to be a codicil . . . and, if

2

not executed in strict compliance with Code § 64.2-403, whether it should, nevertheless, be found by clear and convincing evidence that the decedent created the document with testamentary intent pursuant to Code § 64.2-404.

The court found that the document was written and initialed by Declan. Nevertheless, it concluded that Declan used his full signature on "formal documents," such as his will and property settlement agreement. The court also noted that the writing was located on a tab-divider immediately adjacent to the "Estate Planning Reminders" document, which advised Declan not to make changes to his will without contacting an attorney. Lastly, the court observed that both of Declan's notes directed Donal to the will, but neither mentioned the writing at issue.

Based on these circumstances, the court refused to probate the writing as a codicil, concluding

> that [it] does not comply with the statutory requirements set forth in Code § 64.2-403, in that it is not manifest that the name on the document in question was intended as the decedent's signature. Further, the writing at issue establishes a thought or plan of the decedent to make a change to his will, and is precatory and tentative in nature. Thus, testamentary intent to create a codicil has not been established by clear and convincing evidence.

Donal appeals.

## II. Analysis

### A. Code § 64.2-403

On appeal, Donal primarily argues that the circuit court erred by ruling that the writing did not comply with the wills statute, which states, in pertinent part:

> A. No will shall be valid unless it is in writing and signed by the testator, or by some other person in the testator's presence and by his direction, in such a manner as to make it manifest that the name is intended as a signature.
>
> B. A will wholly in the testator's handwriting is valid without further requirements, provided that the fact that a will is wholly

3

in the testator's handwriting and signed by the testator is proved by at least two disinterested witnesses.

Code § 64.2-403(A)-(B). "[I]n a probate proceeding, the burden is on the proponents to show by a preponderance of the evidence that the purported will is written and executed in the manner prescribed by [Code § 64.2-403]." *Grady v. Fauls*, 189 Va. 565, 569, 53 S.E.2d 830, 832 (1949); *see also Delly v. Seaboard Citizens Nat'l Bank*, 202 Va. 764, 767, 120 S.E.2d 457, 459 (1961) (the requirements of Code § 64.2-403, "which apply to the probate of a will[,] extend with like force and effect to the probate of a codicil").

In Donal's view, the circuit court's analysis should have ended with its determination that the document was written and initialed by Declan, and the court erred by holding that a "formal" signature was necessary to comply with the wills statute. He correctly observes that Virginia law does not "define what shall constitute a 'signature,'" and that initials or even a mark *can* be sufficient. *Pilcher v. Pilcher*, 117 Va. 356, 365, 84 S.E. 667, 670 (1915); *Clarke v. Dunnavant*, 37 Va. (10 Leigh) 14, 24 (1839). But the circuit court did not rule that Declan's initials were insufficient as a matter of law or that a "formal" signature was necessary. Rather, it held that the writing did not comply with the requirement in Code § 64.2-403(A) that a codicil be "signed by the testator . . . in such a manner as to make it manifest that the name is intended as a signature."[2]

This "signature" requirement, which has remained unchanged since the General Assembly first enacted the statute in 1850, necessitates that "there must be a concurrence of the . . . intention to make a will and the *intention to sign the instrument as and for a will*." *Hamlet v.*

---

[2] The circuit court also did not require Donal to prove by clear and convincing evidence that the document complied with the requirements set forth in Code § 64.2-403, as Donal contends in his third assignment of error. The court applied this burden of proof to Donal's evidence only in its analysis under Code § 64.2-404, as is explicitly required by that statute.

4

*Hamlet*, 183 Va. 453, 462, 32 S.E.2d 729, 732 (1945) (emphasis added). The testator must have

"designed by the use of his signature to authenticate the instrument." *Dinning v. Dinning*, 102

Va. 467, 469, 46 S.E. 473, 473 (1904). Whether a signature – be it a full signature, initials, or a

mark – satisfies this requirement "must largely depend upon the circumstances of each particular

case, though in all cases . . . intent is a vital factor." *Pilcher*, 117 Va. at 365, 84 S.E. at 670.

Importantly,

> [i]t is not sufficient to raise a *doubt* as to whether [the] name is
> intended to authenticate the paper which is propounded as a will,
> for, to use the explicit language of the statute, it must be signed 'in
> such a manner as to make it *manifest* that the name is intended as a
> signature,' and unless so signed it is not valid.

*Hamlet*, 183 Va. at 462, 32 S.E.2d at 732 (emphases added) (quoting *Meany v. Priddy*, 127 Va.

84, 85, 102 S.E. 470, 470 (1920)).

As a threshold matter, Code § 64.2-403(A) "recognizes no will as sufficiently signed

unless" the intention to authenticate the writing "appears affirmatively from the position of the

signature, as at the foot or end, or from some other internal evidence equally convincing." *Slate*

*v. Titmus*, 238 Va. 557, 560, 385 S.E.2d 590, 591 (1989) (quoting *Ramsey v. Ramsey*, 54 Va. (13

Gratt.) 258, 664, 670 (1857)). If there is no "internal evidence . . . afforded by the face of [a]

paper" that a signature was given with such an intent, the signature requirement cannot be

satisfied, and "extrinsic evidence is not employed to affect either *pro or con* the question of

finality of intention." *Warwick v. Warwick*, 86 Va. 596, 603, 10 S.E. 843, 845 (1890) (emphasis

in original). Yet, when the face of a document gives some evidence that the name appearing on

it was intended as a signature to authenticate the document as testamentary, this Court has

repeatedly evaluated extrinsic evidence to confirm or disprove that the testator designed by the

use of his name to authenticate the document at issue. *See, e.g.*, *Pilcher*, 117 Va. at 367, 84 S.E.

5

at 671 (considering extrinsic evidence to conclude that a testator's *initials* at the bottom of a short holographic will were given with the intent to authenticate the instrument as a will); *Payne v. Rice*, 210 Va. 514, 518, 171 S.E.2d 826, 829 (1970).

Declan's initials appear at the end of the writing, providing internal evidence that they were designed to authenticate the document as a codicil. Consequently, the circuit court appropriately considered extrinsic evidence to determine whether the initials constituted a signature for the purposes of Code § 64.2-403(A). After considering this evidence, the court determined that they were not written in a manner to make manifest that they were intended as a signature to authenticate the writing. This factual determination will not be disturbed on appeal unless it is "plainly wrong or without evidence to support it." Code § 8.01-680; *Pilcher*, 117 Va. at 364-66, 84 S.E. at 670-71 ("[W]hat constitutes a signature must largely depend upon the circumstances of each particular case.").

In the execution of his will and property settlement agreement, Declan demonstrated that he used his full signature to authenticate legal and testamentary documents. The use of only his initials on the writing at issue in this case therefore raises a doubt as to whether he signed the writing with the intent to authenticate it "as and for" a codicil. *Hamlet*, 183 Va. at 462, 463, 32 S.E.2d at 732, 733 (concluding that the testator's name appearing in the second paragraph of a proposed will was not intended as a signature to authenticate the will after considering that the testator "careful[ly]" placed his signature at the bottom of a previous holographic will); *Payne*, 210 Va. at 518, 171 S.E.2d at 829 (considering the testator's practice of signing "letters and cards at the bottom or end" to conclude that her name appearing at the top of a purported will was not manifestly intended as a signature). Our doubt is strengthened by the fact that Declan's notes directed Donal only to his will without mentioning the writing, which suggests that Declan

6

did not consider his initials to have authenticated the writing as a testamentary document.

This doubt prevents the conclusion that it is manifest that the initials were intended as Declan's signature. Accordingly, we affirm the circuit court's judgment.

B. Code § 64.2-404

Donal next argues that even if the writing does not satisfy the requirements of Code § 64.2-403, it nevertheless should have been probated under the dispensing statute, which allows a court to treat a writing that

> was not executed in compliance with § 64.2-403 . . . as if it had been . . . if the proponent of the document or writing establishes by clear and convincing evidence that the decedent intended the document or writing to constitute (i) the decedent's will . . . [or] (iii) an addition to or an alteration of the will . . . .

Code § 64.2-404(A). Donal contends that the writing should have been probated under this statute because Declan's testamentary intent to create a codicil was established by clear and convincing evidence.

"Testamentary intent . . . means that the writing offered for probate must have been executed by the testator with the intent that such writing take effect as his last will." *Thompkins v. Randall*, 153 Va. 530, 538-39, 150 S.E. 249, 251 (1929). Initially, "[t]estamentary intent is determined by looking at the document itself, not from extrinsic evidence." *Wolfe v. Wolfe*, 248 Va. 359, 360, 448 S.E.2d 408, 409 (1994) (citing *Mumaw v. Mumaw*, 214 Va. 573, 577, 203 S.E.2d 136, 139 (1974)). "[W]hether the face of an instrument contains evidence of testamentary intent is a matter of law to be decided by the trial court." *Bailey v. Kerns*, 246 Va. 158, 162, 431 S.E.2d 312, 315 (1993). If a court determines there is no evidence of testamentary intent within the four corners of the instrument, that instrument is not a valid will. *Id.* (citing *Poindexter v. Jones*, 200 Va. 372, 376, 106 S.E.2d 144, 146 (1958)).

7

However, after a court determines that "an instrument contains some evidence of testamentary intent, extrinsic evidence may be admitted to determine whether the instrument is testamentary in nature." *Bailey*, 246 Va. at 164, 431 S.E.2d at 316 (citing *Grimes v. Crouch*, 175 Va. 126, 132-34, 7 S.E.2d 115, 117-18 (1940)).[3] Appellees presented such evidence, and the circuit court agreed that Declan did not execute the proposed codicil with testamentary intent. While the question of whether an instrument has evidence of testamentary intent on its face is a question of law, *Bailey*, 246 Va. at 162, 431 S.E.2d at 315, we review a circuit court's conclusion, based on extrinsic evidence, that a document was not executed with testamentary intent to determine only whether it is plainly wrong or without evidentiary support. Code § 8.01-680.

Much of the evidence discussed above also supports the court's conclusion that Declan did not execute the writing with testamentary intent. If he intended and believed the writing to be an effective codicil, it is reasonable to conclude that he would have mentioned it in his notes to Donal. His failure to do so, along with his failure to sign the writing in the same manner as his will, suggests that he did not consider the writing to have binding testamentary effect.[4]

---

[3] In his fifth assignment of error, Donal argues that the circuit court erred "in holding that decedent's testamentary intent was not clear and manifest on the face of the holographic writing." This argument is premised on the incorrect assumption that a court is not permitted to look at extrinsic evidence after determining that the face of a document has evidence of testamentary intent. After a court makes such a determination, the opponents of a will or codicil have a right to introduce evidence disproving testamentary intent. *Bailey*, 246 Va. at 164, 431 S.E.2d at 316.

[4] Additionally, the circuit court's conclusion that the writing itself does not actually effect a change to Declan's will, but establishes only a "thought or plan" to change his will that he "wish[ed]" to implement at some point, is also supported by the evidence. The proposed codicil specifically states, "I *wish to remove* Patrick named as my son from this will – no benefits." (emphasis added). In this sentence, the infinitive "to remove" is a noun operating as the object of the verb "wish." The Chicago Manual of Style § 5.107, at 260-61 (17th ed. 2017). As the

Thus, the record supports the circuit court's conclusion that Donal did not prove by clear and convincing evidence that the writing was intended as a codicil or executed with testamentary intent.

### III.    Conclusion

The record in this case supports the circuit court's rulings that the writing was neither signed in the manner required by Code § 64.2-403(A) nor intended to constitute a codicil. Accordingly, we affirm.

*Affirmed*.

---

infinitive is operating as a noun, and not as a verb, Declan was not actually *removing* Patrick from his will via this writing.

9